(65 App. Div. 20.)

### COLWELL v. TINKER.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

JUDGMENT AGAINST BANKRUPT—CANCELLATION—MALICIOUS PERSONAL INJURY.
Code Civ. Proc. § 1268, enacts that at any time after one year has elapsed after a bankrupt's discharge he may apply to the court in which a judgment was rendered against him and have such judgment canceled. The bankrupt act (30 Stat. 550) provides that a discharge in bankruptcy does not release a judgment for willful and malicious injury to the person of another; and Code Civ. Proc. § 3343, subd. 9, makes criminal conversation a personal injury. *Held*, that where a discharged bankrupt moved, under section 1268, for the discharge of a judgment against him, which motion was resisted on the ground that it was for criminal conversation with the judgment creditor's wife, and hence within the bankrupt act (30 Stat. 550), but on appeal from an order denying cancellation the judgment record was not presented, so as to show whether there was malice against the judgment creditor, the order would be affirmed.

Appeal from special term, New York county.

Application by Charles A. Tinker for the cancellation of record of a judgment against him in favor of Frederick Colwell. From an order denying the application (71 N. Y. Supp. 952), applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Nelson Smith, for appellant.

Thomas McAdam, for respondent.

PER CURIAM. By the order from which this appeal is taken an application made by the defendant to vacate a judgment under the provisions of section 1268 of the Code of Civil Procedure was denied. That application was made upon a petition presented by the defendant, in which he set forth that on the 13th day of September, 1899, he was duly adjudged a bankrupt by the district court of the United States for the Southern district of New York, and that such proceedings were subsequently had thereupon that on the 2d day of February, 1900, by an order and judgment of that court he was discharged from all debts and claims which were made provable against his estate, and which existed on the 13th day of September, 1899. He further represented in his petition that the only debt or demand against him mentioned in his petition in bankruptcy was one arising upon a judgment recovered by the plaintiff in this action, and he also set forth "that the said judgment was not recovered against your petitioner for a willful and malicious injury to the person or property of the said Frederick L. Colwell, within the meaning" of the bankruptcy law; but he also stated that the action in which such judgment was recovered was one brought against him for criminal conversation with the wife of the judgment creditor, and that the judgment was for the sum of $50,000 and costs, and was entered on the 9th day of February, 1897, in the office of the clerk of the city and county of New York. It appears in the record that Colwell, the plaintiff herein, appeared in the defendant's bankruptcy proceeding and objected to a discharge being granted, and, in his objections filed, stated that he was the judgment creditor of the bankrupt, the owner of the judgment for $50,000 and costs, and that such judgment was recovered on a cause of action charging the said bankrupt with criminal conversation with said creditor's wife, and that such cause of action involved a willful and malicious injury to the person or property of another, and therefore was not discharged by the bankruptcy law.

It is provided by section 17 of the bankruptcy act (30 Stat. 550), in effect, that a discharge in bankruptcy does not release the bankrupt from judgments in actions for willful and malicious injury to the person or property of another. By the Code of Civil Procedure of the state of New York (section 3343, subd. 9) a personal injury is defined as including libel, slander, criminal conversation, seduction, and malicious prosecution; also assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff or of another. The test of the defendant's right to have the judgment vacated under the provisions of section 1268 of the Code of Civil Procedure depends upon its having been recovered for a personal injury willfully and maliciously inflicted. We have nothing before us to show upon what the judgment against this appellant was based, except a mere general allegation that it was in an action for criminal

conversation. The moving party insists it was not for a willful and malicious injury, but the opposing party as strenuously contends that it was based upon such an injury. We cannot determine the real nature of the action upon the simple characterization that each party has given it. In order that its real nature may be known, the judgment record should be presented to the court. An action for criminal conversation does not necessarily involve malice against the plaintiff, but that element may be involved, and before a determination can be had upon the subject the judgment record should be before the court.

For this reason the order appealed from should be affirmed, with $10 costs and disbursements, but with leave to the appellant to renew his motion to vacate the judgment upon proper and sufficient papers.

INGRAHAM, J., concurs in result.